UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: MELISSA BIGELOW : CHAPTER 13
     Debtor(s) :
 :
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
     Movant :
 :
     vs. :
 :
MELISSA BIGELOW :
     Respondent(s) : CASE NO. 5-19-bk-01054

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 29th day of April, 2019, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Actual taxes incurred with tax refund adjustment – Line 16.
    b. Retirement loan (verification) – Line 41.
    c. Plan payment calculation sum of Lines 34, 35, 36 45.
    d. Verify Line 33d and Line 41.

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Average federal income tax refund not considered.
    b. Retirement loan (verification).

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtors have excess non-exempt equity in the following:

    a. Residential real estate

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 16th day of May, 2019, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Kelly Walsh, Esquire
2000 Linglestown Road, Suite 106
Harrisburg, PA 17110

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee